UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYMOND HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01434-JMS-MKK |
| | ) | |
| WENDY KNIGHT Warden, | ) | |
| JACHO Sargent, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation that Defendants' motion to enforce a settlement agreement be granted. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Dkt. [135]. The motion to enforce settlement is **GRANTED**. Dkt. [112].

**I. Background**

On July 18, 2022, Plaintiff Raymond Hawkins filed his pro se complaint alleging that he was subject to unconstitutional conditions of confinement in violation of the Eighth Amendment. Dkt. 1 at 1–10; Dkt. 8 at 2–4. On May 30, 2024, the Court denied Defendants' Motion for Summary Judgment and allowed claims to proceed against Defendants, Wendy Knight and Adriana Jacho. Dkt. 62. The Court granted Mr. Hawkins's motion for assistance with recruiting counsel. Dkt. 65. However, retained counsel, Attorney Christopher C. Myers, subsequently filed his appearance on Mr. Hawkins's behalf before the Court recruited counsel for him. Dkt. 66.

On October 9, 2024, and February 19, 2025, the parties appeared before Magistrate Judge Klump for settlement conferences. Dkts. 77, 101. Neither conference resulted in settlement. Dkts. 77, 101. On March 24, 2025, however, Mr. Hawkins, through Mr. Myers, filed a Notice of

1

Resolution informing the Court "that a preliminary resolution in this case ha[d] been achieved between the parties." Dkt. 102. In response thereto, the Court vacated upcoming trial and pretrial conference dates. Dkt. 103.

Specifically, defense counsel Ryan Shouse emailed Mr. Myers on March 24, stating: "I am authorized to conditionally offer $2,500 in exchange for dismissal of this case with prejudice and a signed mutually agreeable release. This offer is conditional on the later and final approval of the OAG and Governor." Dkt. 112-1. Mr. Myers accepted the offer the same day and filed the Notice of Resolution with the Court. Dkt. 112-2. On March 25, 2025, Mr. Myers wrote Mr. Hawkins and sent him a release and settlement agreement for him to sign, stating, "I will then immediately convey it to the Defense lawyers and request that the funds be expedited for payment to you. I cannot promise anything, as all settlements involving the State of Indiana must first be approved by the Governor's Office." Dkt. 134-3.

Additionally, on April 1, 2025, Mr. Myers wrote to Mr. Shouse:

> My client called me on April 1, 2025 . . . and he told me that he will not sign the Settlement Agreement unless he gets his money immediately, within 2 – weeks. I explained to him the procedure of waiting on the Governor's Approval and that I could not make any guarantees regarding the timing of the payment. So, I am asking you, gentlemen, is there any way you can 'hurry up' the Governor's Approval such that if I procure for you a signed Settlement Agreement, you can get the money within 2 weeks? Please let me know.

Dkt. 112-3 at 1; dkt. 141 at 10. On April 4, 2025, the Governor and Indiana Attorney General approved the settlement. Dkt. 141 at 10.

On April 22, 2025, Mr. Hawkins, acting on his own behalf, filed a Motion for Emergency Teleconference. Dkt. 107. In his Motion, Mr. Hawkins indicated that Mr. Myers had acted contrary to wishes in accepting the Defendants' settlement offer and informing the Court that the case had

been resolved. *Id.* Specifically, Mr. Hawkins asserted that on or about March 21, 2025, he told Mr. Myers that he would agree to Defendants' settlement offer only if he could receive payment within 14 days. *Id.* at 1–2.

Mr. Myers subsequently moved to withdraw his appearance as counsel, dkt. 111, and the Court granted that motion on May 12, 2025, dkt. 114. On May 9, 2025, Defendants filed the present Motion to Enforce Settlement, requesting that Mr. Hawkins be directed to execute the necessary paperwork to finalize the settlement and thereafter for he and Defendants to file a stipulation of dismissal with prejudice. Dkt. 112. After Mr. Hawkins filed a response in opposition to the motion, dkt. 124, Magistrate Judge Klump scheduled an evidentiary hearing to address the motion, which was held on September 26, 2025. Dkt. 126, 134.

At the hearing, Mr. Shouse and Mr. Myers testified; Mr. Hawkins did not. Mr. Shouse testified that the first he had heard of the supposed 14-day timing requirement for Mr. Hawkins to receive a settlement payment was in the April 1, 2025, communication from Mr. Myers. Dkt. 141 at 11.

Mr. Myers testified that he had authority from Mr. Hawkins to accept the settlement offer. *Id.* at 13. He further stated that Mr. Hawkins had said he would need any settlement money "immediately." *Id.* at 14. Mr. Myers explained to Mr. Hawkins that he could not guarantee how fast a payment could be made, given the need to obtain Attorney General and Governor approval for any settlement, but that he "would try and get it to him as soon as possible." *Id.* However, Mr. Myers did not believe that Mr. Hawkins had a "deadline date" for when he would need to receive any settlement money. *Id.* Also, it was only "after the issue arose" – specifically, on April 1, 2025 – that Mr. Hawkins claimed he told Mr. Myers not to accept any settlement offer that did not guarantee payment of funds with a certain amount of time. *Id.* at 14, 16-17.

On cross-examination, Mr. Hawkins asked Mr. Myers whether he had given Mr. Myers a specific time frame of when he would need any settlement money. *Id.* at 17. Mr. Myers responded,

> I believe that you did not give me a firm date when we originally talked about settlement, and the reason I say that, Mr. Hawkins, is because my letter of March 24th, '25, had you given me a definite date, then I would have brought that up when I told you this: Remember what I told you, settlements with the State of Indiana take a long time to perfect because the Governor has to approve the settlement.

*Id.* at 18. Further, when Mr. Hawkins asked, "[y]ou actually don't know if I did or didn't give you a date," Mr. Myers responded, "Yeah, I pretty much know that you didn't . . . That's my testimony." *Id.* Mr. Myers also testified that in response to his April 1 letter to Mr. Shouse, requesting that Mr. Hawkins be paid as soon as possible, "I will say this is the fastest turnaround that I have ever had with attorneys who represent the State, that is getting Governor approval." *Id.* at 20.

On October 3, 2025, Magistrate Judge Klump issued her Report and Recommendation, recommending that the Court grant the motion to enforce the settlement agreement. Dkt. 136. Magistrate Judge Klump specifically found Mr. Myers's testimony to be credible on the issue of his conversations with Mr. Hawkins, in particular because Mr. Hawkins did not present any contrary sworn testimony. Based on Mr. Myers's testimony and that of Mr. Shouse's, Magistrate Judge Klump found that Mr. Myers had the authority to accept Mr. Shouse's settlement offer on behalf of Mr. Hawkins, and that the acceptance resulted in an enforceable contract. *Id.* at 12-13. And because the only condition precedent in the agreement – approval by the Governor and Attorney General – had been fulfilled, the settlement agreement should be enforced. *Id.* at 13.

On October 21, 2025, Mr. Hawkins filed his timely objection to the Report and Recommendation. Dkt. 136. On December 15, 2025, Mr. Hawkins filed a motion for the Court to consider additional evidence and argument on the matter. That motion is **DENIED**. Dkt. [143].

4

The additional argument is not based on any new evidence that was discovered after Mr. Hawkins filed his original objection to the Report and Recommendation, and it will not be considered by the Court in conducting its de novo review.

## II. Standard of Review

A magistrate judge may issue a Report and Recommendation on a dispositive matter.[1] 28 U.S.C. § 636(b)(1)(B). Objections to such a Report and Recommendation must be filed within 14 days. 28 U.S.C. § 636(1). The magistrate judge's undisputed findings are reviewed for clear error, *Johnson v. Zema Syst. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); the contested findings are reviewed de novo. *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir. 2013). "The district judge makes the ultimate decision to adopt, reject, or modify the magistrate judge's recommendation." *Left Field Media LLC v. City of Chicago*, 137 F.Supp.3d 1127, 1133 (N.D. Ill. 2015). However, a de novo determination is not the same as a de novo hearing; the district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995).

## III. Discussion

A settlement agreement is a contract that is enforceable under ordinary state-law contract principles. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). A settlement agreement in a federal case is "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Indiana law governs this issue in this case, and under Indiana law, an agreement to settle a lawsuit is generally enforceable. *See Zimmerman v. McColley*, 826 N.E.2d

---

[1] Enforcement of a settlement agreement that would result in dismissal of a case with prejudice amounts to a dispositive matter.

71, 76-79 (Ind. Ct. App. 2005). Furthermore, a settlement agreement, like most other contracts, generally does not have to be in writing to be enforceable. *Vernon v. Acton*, 732 N.E.2d 805, 809 (Ind. 2000). "All that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not required." *Zukerman v. Montgomery*, 945 N.E.2d 813, 819 (Ind. Ct. App. 2011).

The first issue to resolve, based on Mr. Hawkins's objections, is whether Mr. Myers had authority to accept Mr. Shouse's settlement offer on Mr. Hawkins's behalf, despite the offer not having a firm deadline for payment of a settlement. After conducting de novo review of the record, but finding no reason to second-guess Magistrate Judge Klump's assessment of witness credibility, the Court concludes that Mr. Myers did have such authority.

An attorney who is retained to represent a client does not automatically have authority to settle the claim. *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299, 1303 (Ind. 1998). However, such authority may be implied: "The client may not intend for the attorney to settle a claim but may nonetheless imply that intention to the attorney. If so, the client is bound by a resulting settlement." *Id.* at 1303 n.6; *see also Pohl v. United Airlines*, 213 F.3d 336, 339 (7th Cir. 2000) (citing *Koval* for proposition that plaintiff "may be bound by the settlement if he implied an intention to settle the claim to his attorney, regardless of whether he actually intended to settle the claim").

Mr. Hawkins, in his objection to the Report and Recommendation, claims that Mr. Myers testified at the evidentiary hearing that he did not "remember/recall" whether Mr. Hawkins told him about the 14-day deadline before accepting the offer. Dkt. 136 at 2. However, as quoted above from the transcript of the hearing, Mr. Myers said he "pretty much knew" that Mr. Hawkins had not insisted on such a deadline as a condition of settlement and explained why that was his recollection. Dkt. 141 at 18. Even if Mr. Myers did not testify with absolute certainty as to what

6

he had discussed with Mr. Hawkins regarding timing of a settlement payment, this evidence was sufficient to meet the Defendants' burden of proof in this matter. *See Anthony v. Indiana Farmers Mut. Ins. Grp.*, 846 N.E.2d 248, 255 (Ind. Ct. App. 2006) (affirming enforcement of settlement agreement where trial court's ruling was supported by "substantial evidence of probative value").

Second, Mr. Hawkins argues that because Mr. Shouse learned from Mr. Myers of the supposed 14-day time limit for settlement payment before the Governor approved the settlement, Mr. Shouse essentially was required to negate the settlement. This would suggest that the settlement was void after Mr. Myers agreed to it but before the Governor approved it. It was not.

"Under contract law, a condition precedent is a condition that must be performed before the agreement of the parties becomes a binding contract or that must be fulfilled before the duty to perform a specific obligation arises." *Indiana State Highway Comm'n v. Curtis*, 704 N.E.2d 1015, 1018 (Ind. 1998). If the condition precedent is never performed, the contract – including a settlement agreement – is not enforceable. *Id.* at 1020. However, that does not necessarily mean that a party may unilaterally "back out" of a contract or settlement agreement, after the agreement is reached but before the condition precedent is performed. "The existence of a condition precedent does not by itself destroy mutuality merely because a contract is unenforceable at the time it is signed since the contract will ripen into a mutually enforceable obligation upon performance of the condition." *Kokomo Veterans, Inc. v. Schick*, 439 N.E.2d 639, 645 (Ind. Ct. App. 1982). Even if the parties are not bound by a contract until the condition precedent is performed, "that does not mean that the contract is too indefinite or an agreement to agree; once [the obligated party] satisfies the condition precedent, the parties are bound." *Madison Tool & Die, Inc. v. ZF Sachs Auto. of Am., Inc.*, 2007 WL 2286130, at *3 (S.D. Ind. Aug. 7, 2007). Here, the condition precedent for the enforceability of the settlement was fulfilled on April 4, 2025. If the condition was still

outstanding, the Court could not enforce the settlement. But the condition was performed, and in a speedy manner – Mr. Hawkins was not allowed to peremptorily void the settlement agreement without giving Defendants a reasonable opportunity to perform the condition. *Cf. AquaSource, Inc. v. Wind Dance Farm, Inc.*, 833 N.E.2d 535, 538 (Ind. Ct. App. 2005) (party may not argue failure of condition precedent as a bar to contract performance if the party did not make a reasonable and good faith effort to satisfy the condition). In other words, the March 24 communications between Mr. Myers and Mr. Shouse did not create an "agreement to agree," but an agreement. *See Madison Tool & Die, Inc.*, 2007 WL 2286130 at *3.

The third specific objection Mr. Hawkins makes is that Mr. Myers failed to explain the release and settlement agreement he sent to Mr. Hawkins and asked him to sign. The relevance of this objection is unclear. By that time, the settlement contract had already been formed, and the execution of formal settlement documents did not create any uncertainty as to the terms of the settlement itself and was not material to the contract's formation. *See Sands v. Helen HCI, LLC*, 945 N.E.2d at 176, 181 (Ind. Ct. App. 2011). Mr. Hawkins also does not clarify what it is that Mr. Myers could have explained more fully with respect to the written release documents.

For the above reasons, and after applying de novo review, the Court agrees with Magistrate Judge Klump's Report and Recommendation that Defendants' motion to enforce settlement be granted.

### IV. Conclusion

Mr. Hawkins's motion to consider additional evidence is **DENIED**. Dkt. [143]. The Court **ADOPTS** Magistrate Judge Klump's Report and Recommendation. Dkt. [135]. Defendants' motion to enforce settlement agreement therefore is **GRANTED**. Dkt. [112].

The parties are directed **within 45 days of the date of this Order** to file a joint stipulation of dismissal with prejudice. This will require Defendants to provide Mr. Hawkins with the necessary paperwork to finalize the settlement, for Mr. Hawkins to execute the documents, and for Defendants to issue payment to Mr. Hawkins. If a joint stipulation of dismissal is not filed by the above deadline, the parties will be required to show cause why final judgment should not be entered in this matter.

**IT IS SO ORDERED.**

Date: 12/30/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

RAYMOND HAWKINS
885871
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362